# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>　　　　Defendants. | Case No. 2:18-cv-06119-ODW(RAOx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [14]** |

## I.  INTRODUCTION

Presently before the Court is Defendants' Motion for Judgment on the Pleadings ("Motion"). (ECF No. 14.) Plaintiff Susan Hernandez initiated this action against Defendant Ocwen Loan Servicing, LLC on May 24, 2018, in Los Angeles County Superior Court. (Compl., ECF No. 1-1.) On July 13, 2018, Defendants removed this case to federal court. (Notice of Removal, ECF No. 1.) On August 20, 2018, Defendants filed a Motion for Judgment on the Pleadings, which the parties have fully briefed. (ECF Nos. 14–17.) For the reasons that follow, Defendants' Motion is **GRANTED**.[1]

---

[1] After carefully considering the papers filed in support of, and against, the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

On or about November 29, 2005, Plaintiff executed a non-negotiable promissory note and a security interest in the form of a deed of trust in the amount of $600,000. (Compl. ¶ 8.) Plaintiff defaulted on her loan obligation in October 2012, and Defendants commenced foreclosure proceedings against the home through the execution and service of a "Notice of Default and Election to sell under the Deed of Trust", which was recorded on May 15, 2017. (*Id.* ¶ 9; Mot. 3.)

On April 24, 2018, Defendants recorded a Notice of Trustee's Sale, which set a sale of the property for May 29, 2018. (Mot. 5.)

On May 21, 2018, Plaintiff completed a loan modification application. (Compl. ¶ 13; Opp'n to Mot. ("Opp'n) 4, ECF No. 16.) Plaintiff maintains that Defendants violated the California Homeowner Bill of Rights ("HBOR"), codified under California Civil Code section 2924.11(a). Defendants maintain that Plaintiff has no legal or factual basis for their claims and moved for judgment on the pleadings.

## III. LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ P. 12(c). The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (citations omitted); *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). When ruling on a motion for judgment on the pleadings, a court should construe the facts in the complaint in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations

without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.* If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

## IV. DISCUSSION

Plaintiff premises her claim on Defendants' alleged violation of the HBOR, specifically arguing that Defendants' recorded notice and trustee sale run afoul of the statute. (Compl. ¶¶ 14-27.) Prior to contemplating whether Defendants' conduct violates the HBOR, the Court must determine whether the instant dispute falls within the ambit of the HBOR—specifically that the property is owner-occupied, and that the lien in question is superior to all others. Cal. Civ. Code § 2924.11(h). The HBOR applies to the instant dispute because the property at issue is an owner-occupied home, and there is no evidence that a superior lien exists. The Court turns to whether Defendants' conduct indeed violated the HBOR.

### A. California Civil Code Section 2924.11

Under the HBOR, a mortgagee or servicer is prohibited from recording a notice of sale or conducting a trustee's sale while a complete foreclosure prevention alternative application is pending. Cal. Civ. Code § 2924.11(a). Thus, to state a claim under the HBOR, a plaintiff must avail themselves of HBOR protections *prior* to an adverse party recording notice of sale or conducting a trustee's sale.

Defendants recorded a notice of sale on April 24, 2018, and scheduled a trustee's sale for May 28, 2018. (Mot. 6, 7.) Plaintiff, by contrast, completed a loan modification on May 21, 2018, almost one month after the notice of sale was recorded. (Opp'n. 4.) Thus, Plaintiff's claim that Defendants violated the HBOR by recording a notice of sale is without merit because Plaintiff did not complete modification prior to Defendants recording the notice of sale.

However, Plaintiff's modification was pending before the date of the Trustee sale. Yet, there is no evidence indicating or argument alleging that Defendants actually

conducted a trustee sale on May 29, 2018. Courts have held that scheduling a trustee's sale is not a violation of the HBOR. *See Sheng v. Select Portfolio Servicing, Inc.*, No. 2:15-cv-0255-JAM-KJN, 2015 WL 4508759, at *2 (E.D. Cal. July 24, 2015) (dismissing dual-tracking claim based on plaintiff's failure to allege a trustee's sale has been conducted and noting that "other courts agree that simply scheduling or rescheduling a sale does not violate the dual tracking provision").

Accordingly, because Defendants filed notice of sale prior to Plaintiff's loan modification, and no trustee sale occurred, Plaintiff's argument fails as a matter of law. Defendants are entitled to judgment on the pleadings.

**B.   Leave to Amend**

In general, a court should liberally allow a party leave to amend its pleading. *See* Fed. R. Civ. P. 15(a); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.") However, the Court may deny leave to amend where amendment would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (affirming the trial court's denial of leave to amend where plaintiffs could not cure a basic flaw—inability to demonstrate standing—in their pleading).

Here, Plaintiff's basic flaw is that her argument misunderstands how HBOR protections are triggered. The statute protects mortgagees after they complete a mortgage foreclosure alternative and provides a cause of action against mortgagors and servicers who record notices of sale or conduct trustee sales after HBOR protections attach. Amendment will not cure Plaintiff's deficient pleading because she did not properly avail herself of HBOR protections prior to the notice of sale, and no subsequent violation—the trustee's sale—actually occurred. Accordingly, amendment is futile and leave to amend is inappropriate.

4

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED** without leave to amend. (ECF No. 14.) Judgment shall issue concurrently with this order.

**IT IS SO ORDERED.**

February 6, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**